# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HARRY E. HAMILTON, | |
| Plaintiff, | NO.3:19-CV-1036 |
| v. | (JUDGE CAPUTO) |
| ADOLPH R.O. WRIGHT, *et al.*, | (MAGISTRATE JUDGE ARBUCKLE) |
| Defendants. | |

## ORDER

**NOW**, this 5th day of February, 2020, upon review of the Report and Recommendation of Magistrate Judge Arbuckle (Doc. 22) for plain error or manifest injustice, **IT IS HEREBY ORDERED** that:

(1) The Report and Recommendation (Doc. 22) is **ADOPTED in its entirety** as supplemented.

(2) The claims against Defendants Adolph R.O. Wright El, Luzerne County, General Hospital and Certain Hospital Staff and the Law Enforcement Officer Present, and Property Owners and Insurers of a Certain Tract of Land in Wapwallopen Consisting of Approximately 250 acres on Ruckle Hill are **DISMISSED with prejudice.**[1]

---

[1] I may dismiss a claim with prejudice for failure to timely serve a defendant if a dismissal without prejudice would nonetheless ultimately result in dismissal of the claim or if the plaintiff has been previously advised of the risk of such dismissal for failure to comply with court instructions or rules. *See Goldsmith v. Goldsmith*, 2017 WL 11471785, at *1 (W.D. Pa. 2017) (dismissing claims with prejudice for failure of service after notice to defendant of such risk); *Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298, 1304 n. 6 (3d Cir. 1995) ("[A]ssuming good cause, dismissing a case without prejudice is not an appropriate remedy after the statute of limitations has lapsed."). The statute of limitations for tort claims pursuant to Pennsylvania state law, and therefore also for Constitutional tort claims, is two years. *See* 42 Pa.C.S.A. § 5523 (stating the statute of limitations for torts under Pennsylvania State Law); *Taylor v. USP-Allenwood*, 2014 WL 671469, at *7 (M.D. Pa. 2014) (quoting *Smith v. Delaware County Court*, 260 F. App'x 454,

(3) The Clerk of Court is directed to mark the case as **CLOSED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge

---

454 (3d Cir. 2008)) ("Civil rights claims are subject to the statute of limitations for personal injury actions of the pertinent state."); *see also Smierciak v. City of Pittsburgh Police Dept.*, 2018 WL 6790312, at *9 (W.D. Pa. 2018) (holding that, for Pennsylvania state law torts claim, good-faith attempts at service can toll the statute of limitations); *Lake v. Arnold*, 232 F.3d 360, at 370-71 (3d Cir. 2000) (holding that federal courts should also adopt state tolling laws unless they clearly contradict federal law or policy). Because Plaintiff's injury arose on June 19, 2017, (*see* Doc. 1), he had until June 19, 2019 to file his claim. He proceeded to file his claim on June 18, 2019, one day before the limitations period ran. As expressed in Magistrate Judge Arbuckle's report, Plaintiff failed to exercise diligence in serving the defendants throughout the litigation and has otherwise failed to prosecute his claim despite instructions to do so. (*See* Doc. 22). Therefore, absent the necessary good cause for tolling, the limitations period for his claims has clearly lapsed during the course of this litigation.

2